Trippe, Judge.
J. D. Smith purchased of Hamilton his interest in a stock of drugs owned by Hamilton & Smith, and gave his obligation to pay Hamilton a certain amount of money, and also to pay certain, debts of Hamilton & Smith, and other debts for which Hamilton was liable. The obligation recited that a schedule of those debts was agreed upon and in Smith’s possession. Smith at the same time executed to Hamilton a mortgage on the interest he purchased, “to secure Hamilton in the faithful and just performance of his contract, touching said sum of $575 00, and the payment of the liabilities of Hamilton & Smith,” etc., referring therein to the obligation above mentioned. ,
Mrs. Smith, th'e wife of J. D. Smith, claims that she .after-wards purchased from her husband the whole stock of drugs; that she had notice of the mortgage, and paid the $575 00, but denies that she had any notice of her husband’s liability *for the payment of the debts of Hamilton & Smith and others, and prays an injunction to restrain Hamilton from levying a ú. fa. sued out in the foreclosure of said mortgage, on the goods mortgaged. She alleges that she cannot file her claim if the levy is made, and give the bond and security required by law.
We think that the specification of the debts or liabilities for which the obligation was given was sufficient, and it was therein stated that they were set forth in a schedule in the possession of the obligor. That bound the obligor, and for a sum certain, or a sum which could, with absolute verity, be made certain. The mortgage was given to secure the performance of the terms of that obligation, stating what those terms were.
In 10 New Hampshire Reports, 210, it was held that where a mortgage is given to secure a particular sum, and also a bond, the condition of which covers all the liabilities of the mortgagor to the mortgagee, the mortgage shall be construed in conformity with the bond. In that case, the Court say, “the bond being made at the same time, and referred to in this manner, may be considered, as between the parties, as if it was part of the condition.”
Here the obligation or bond and the mortgage were executed the same day; the mortgage referred to the obligation and its contents, and was given to secure its performance. The wife of the mortgagor, who sets up a subsequent purchase from her husband, admits notice of the mortgage, but denies that she knew it was for more than a security for $575 00. If she had notice of the mortgage,' it was notice of all its recitals, and of all the debts it was given to secure. It will not do in such a case to permit a husband, by a transfer to his wife, to enable her to set up technicalities whereby the property may be protected from the payment of his liabilities.
Judgment affirmed.